# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REGINA A. RANDOLPH<br>14802 Arabiar Lane<br>Bowie, MD 20715,<br><br>TONY GILES<br>6219 District Heights Parkway<br>District Heights, MD 20747,<br><br>TONIA ROBINSON<br>4605 29th St., Apt. 1<br>Mount Ranier, MD 20712,<br><br>DARLENE V. FIELDS<br>5007 Just St., NE<br>Washington, DC 20019,<br><br>MARTHINE BARTEE<br>5055 Just Street, NE<br>Washington, DC 20019,<br><br>DON R. POPE<br>4406 Unaka Court<br>Clinton, MD 20735, and<br><br>TAMONICA HEARD<br>219 50th Street, NE, #31<br>Washington, DC 20019,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>ING LIFE INSURANCE AND<br>ANNUITY COMPANY<br>151 Farmington Avenue<br>Hartford, CT 06156<br><br>　　　　　Defendant. | Case No. 06-1228 CKK |

## **AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453 defendant ING Life Insurance and Annuity Company ("ILIAC"), with full reservation of all defenses, files this Amended Notice of Removal of this civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia and states as follows:

**GROUNDS FOR REMOVAL**

1. ILIAC is the sole named defendant to the action in the Superior Court of the District of Columbia bearing the caption Regina A. Randolph, *et al.*, v. ING Life Insurance and Annuity Company, No. 0004932-06, filed on June 27, 2006.

**I.    Diversity of Citizenship (Class Claims)**

2. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because: (1) this is a putative "class action" as defined in that section; (2) the matter in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) the requisite diversity of citizenship exists between plaintiffs and defendant.

3. This is a civil action filed pursuant to Rule 23 of the District of Columbia Superior Court Rules of Civil Procedure — which is a State rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action, see 28 U.S.C. § 1332(e) — and thus is a putative "class action" as defined in 28 U.S.C. § 1332(d)(1)(B). See Compl. ¶¶ 32-34.

4. According to the Complaint, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, because plaintiffs allege the existence of a class of up to 13,000 persons and seek damages of up to $10,000 per person, in addition to declaratory and injunctive relief. See 28 U.S.C §§ 1332(d)(2) (establishing amount-in-controversy requirement);

1332(d)(6) (requiring aggregation of claims of the individual class members to determine whether the requisite amount-in-controversy is satisfied); see also Compl. ¶ 2 & Prayer for Relief ¶ c.

5. The requisite diversity of citizenship exists between plaintiffs and defendant ILIAC pursuant to 28 U.S.C. § 1332(d)(2)(A), because, based on the allegations in the Complaint, members of the putative class are citizens of States different from the State of citizenship of ILIAC.

6. Specifically, based on the allegations in the Complaint, the named plaintiffs of the putative class were at the time of the filing of this action, and still are, citizens of the District of Columbia and the State of Maryland. See Compl. ¶¶ 9-15.

7. According to the Complaint, defendant ILIAC was at the time of the filing of this action a Delaware corporation. See Compl. ¶ 16. In fact, ILIAC was at the time of the filing of this action, and still is, a Connecticut corporation with its principal place of business in Hartford, Connecticut. See Compl. (caption).

## II.  Diversity of Citizenship (Individual Claims)

8. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy for each individual plaintiff's claim exceeds $75,000, exclusive of interest and costs; and (2) the requisite diversity of citizenship exists between plaintiffs and defendant.

9. Based on the allegations in plaintiffs' Complaint, the amount in controversy for each plaintiff exceeds $75,000, exclusive of interests and costs. In particular,

each plaintiff seeks up to $10,000 in money damages as well as declaratory and injunctive relief. See Compl. Prayer for Relief ¶¶ a-c. This requested relief includes, among other things, preliminary and permanent injunctive relief prohibiting defendant ILIAC "from continuing to operate" without the institution of unspecified "appropriate safeguards," *id*. ¶ b, the pecuniary value of which exceeds the requisite amount-in-controversy.

10.     The requisite diversity of citizenship exists between the individual plaintiffs and defendant ILIAC pursuant to 28 U.S.C. § 1332(a)(1), because, based on the allegations in the Complaint, all named plaintiffs are citizens of States different from the state of citizenship of ILIAC, as is described in paragraphs 6-7 above.

## III.   Federal Question

11.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.     Plaintiffs allege in their Complaint that ILIAC violated a purported "clearly established right to privacy." See Compl. ¶¶ 2-3, 20, 36, 38, & Prayer for Relief ¶ a. To the extent plaintiffs base their asserted right of privacy on the United States Constitution or other federal law — without conceding the validity of any such claim — their purported claim arises under the Constitution or laws of the United States. See 28 U.S.C. § 1331.

4

## PROCEDURAL REQUIREMENTS FOR REMOVAL

13. The Summons and Complaint, annexed hereto as Exhibit 1, were served on ILIAC on July 29, 2006 at its principal place of business in Hartford, Connecticut. See 28 U.S.C. § 1446(a).

14. ILIAC has not answered or moved with respect to the Complaint, and its time to do so has not yet expired.

15. Removal of this case to this Court is timely because this Notice of Removal is filed within 30 days of the service on ILIAC of a copy of the initial pleading setting forth the claims for relief upon which the action is based. See 28 U.S.C. § 1446(b).

16. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a) because this Court embraces the county in which the state court action is now pending.

17. Contemporaneously with this filing, ILIAC is filing written notice of this removal with the Clerk of the Court in which the action is currently pending and is serving copies of the Notice of Filing of Notice of Removal together with a copy of this Notice of Removal upon Plaintiffs' counsel, pursuant to 28 U.S.C. § 1446(d).

18. If any question arises as to the propriety of the removal of this action, ILIAC requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

19. ILIAC reserves the right to supplement or amend this Notice of Removal.

WHEREFORE, defendant ILIAC respectfully removes this action from the Superior Court of the District of Columbia, bearing Case Number 0004932-06, to this Court, pursuant to 28 U.S.C. § 1441, 1446, and 1453.

Dated: July 10, 2006                                    Respectfully submitted,

                                                                     /s/ Stephen M. Nickelsburg
                                                                     Alan Charles Raul, D.C Bar # 362605
                                                                     Juan P. Morillo, D.C. Bar # 257790
                                                                     Stephen M. Nickelsburg, D.C. Bar #475920
                                                                     SIDLEY AUSTIN LLP
                                                                     1501 K Street, NW
                                                                     Washington, DC 20005
                                                                     (202) 736-8000

                                                                     Attorneys for Defendant
                                                                     ING Life Insurance & Annuity Co.

## CERTIFICATE OF SERVICE

I certify that on the 10th day of July, 2006, I caused to be served copies of the foregoing by postage prepaid first-class mail to counsel for the other parties to this action at the following addresses:

Gregory L. Lattimer  
1100 H Street NW  
Suite 920  
Washington, DC 20005  
(202) 638-0095  

Ted J. Williams  
1200 G Street, NW  
Suite 800  
Washington, DC 20005  
(202) 434-8744  

Date: July 10, 2006

_/s/ Stephen M. Nickelsburg_  
Stephen M. Nickelsburg  
Counsel for Defendant