# EXHIBIT 1

Case 1:06-cv-01228-CKK    Document 5-2    Filed 07/10/2006    Page 1 of 15

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
06/29/2006
Log Number 511278892

RECEIVED
JUN 3 0 2006
LEGAL DEPT

**TO:** Paul Howell
ING America Insurance Holdings, Inc.
5780 Powers Ferry Rd NW
Atlanta, GA, 30327-

**RE:** **Process Served in District of Columbia**

**FOR:** ING Life Insurance and Annuity Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Regina A. Randolph, et al., Pltfs. vs. ING Insurance and Annuity Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand |
| **COURT/AGENCY:** | (DC) Superior Court of the District of Columbia, DC<br>Case # 0004932-06 |
| **NATURE OF ACTION:** | Class Action - Summons & Complaint |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/29/2006 at 09:47 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Gregory L. Lattimer<br>1100 H Street, N.W.<br>Suite 920<br>Washington, DC, 20005<br>202-638-0095 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790484030335<br>Email Notification, Paul Howell PAUL.HOWELL@us.ing.com<br>Email Notification, Mary Wetherington MARY.WETHERINGTON@us.ing.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Regina A. Randolph

*Plaintiff*

VS.

ING Life Insurance and Annuity Comapny

*Defendant*

Civil Action No. 0004932-06

RECEIVED
JUN 3 0 2006
LEGAL DEPT

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Gregory L. Lattimer
Name of Plaintiff's Attorney

1100 H Street, N.W., Suite 920
Address
Washington, D.C. 20005

(202) 638-0095
Telephone

By _____
Deputy Clerk

Date 6/27/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IN THE SUPERIOR COURT FOR THE
DISTRICT OF COLUMBIA

REGINA A. RANDOLPH　　　　　*
14802 Arabiar Lane　　　　　　　*
Bowie, MD 20715　　　　　　　　*
　　　　　　　　　　　　　　　　*　　CLASS ACTION COMPLAINT
TONY GILES　　　　　　　　　　*　　　　　　0004932-06
6219 District Heights Parkway　　 *
District Heights, MD 2074　　　　 *　　CASE NO.
　　　　　　　　　　　　　　　　*
TONIA ROBINSON　　　　　　　*
4605 29th Street　　　　　　　　　*
Apt. 1　　　　　　　　　　　　　 *
Mount Rainier, MD 20712　　　　 *
　　　　　　　　　　　　　　　　*
DARLENE V. FIELDS　　　　　　*
5007 Just St, N.E.　　　　　　　　*
Washington, D.C. 20019　　　　　*
　　　　　　　　　　　　　　　　*
MARTHINE BARTEE　　　　　　 *
5055 Just Street, N.E.　　　　　　*
Washington, D.C. 20019　　　　　*
　　　　　　　　　　　　　　　　*
DON R. POPE　　　　　　　　　 *
4406 Unaka Court　　　　　　　　*
Clinton, Maryland 20735　　　　　*
　　　　　　　　　　　　　　　　*
TAMONICA HEARD　　　　　　 *
219 50th Street, N.E.　　　　　　　*
#31　　　　　　　　　　　　　　 *
Washington, D.C. 20019　　　　　*
for themselves and all others　　　 *
similarly situated　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　Plaintiffs　　　　　　　*
　　　　　　　　　　　　　　　　*
vs.　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　*
ING LIFE INSURANCE AND　　　 *
ANNUITY COMPANY　　　　　 *
151 Farmington Avenue　　　　　 *
Hartford, Connecticut 06156　　　 *
　　　　　　　　　　　　　　　　*
　　　　　Defendant.　　　　　　*

RECEIVED
Civil Clerk's Office
JUN 2 7 2006
Superior Court of the
District of Columbia
Washington, D.C.

RECEIVED
JUN 1 0 1995
LEGAL DEPT

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiffs Regina A. Randolph, Tony Giles, Tonia Robinson, Darlene Fields, Marthine Bartee, Don Pope and Tamonica Heard bring this action on behalf of themselves and all others similarly situated against ING Life Insurance Annuity Company.

2. Plaintiffs, all of whom are current or retired District of Columbia employees, are seven (7) of more than 13,000 current or former District employees, whose private personal information, including Social Security numbers, were improperly, unlawfully, willfully and intentionally disclosed in at least three ways: 1) through the access and removal of data files containing the private personal information of 13 thousand district employees from the Defendant's facility by employee John Doe; (2) through the transfer of the data to external and unprotected disks and/or computers by John Doe; and (3) through the alleged theft of these disks and/or computers by a third party, the identity of whom may never be known. There disclosures were made without Plaintiffs' knowledge or consent and violate their clearly established right to privacy.

3. These disclosures were the direct and proximate result of Defendant's grossly negligent and/or its willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of District of Columbia employee records and to protect against any known or anticipated threats or hazards to the security and integrity of these records in violation of their clearly established right to privacy.

4. Subsequent to learning of these disclosures, the Defendant was deliberately indifferent in failing to take reasonable corrective action, including but not limited to, taking immediate action

to retrieve the data from the laptop computer of its agent despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected employees as result of the disclosure.

5. As a result of the Defendant's acts and omissions in disclosing and failing to protect Plaintiffs' private personal information, including their Social Security numbers, Plaintiffs and those similarly situated have been placed at a substantial risk of harm in the form of identity theft and have incurred and will incur actual damages in an attempt to prevent identity theft by purchasing services to monitor their credit information. The remedies sought include declaratory and remedial injunctive relief, damages and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to D.C. Code § 11-921.

8. Venue is appropriate in this jurisdiction as all of the events giving rise to this cause of action arose in the District of Columbia.

## III. PARTIES

9. Plaintiff Regina A. Randolph, is a District of Columbia Police Officer who has been notified by the Defendant that her personal data was contained on the subject laptop. She is a resident of the State of Maryland.

10. Plaintiff Tony Giles, is a District of Columbia Police Officer, who has been notified by the Defendant that his personal data was contained on the subject laptop. He is a resident of the State of Maryland.

11. Plaintiff Tonia Robinson, is a District of Columbia employee, who has been notified by the Defendant that her personal data was contained on the subject laptop. She is a resident of the

State of Maryland.

12. Plaintiff Darlene V. Fields, is a District of Columbia employee, who has been notified by the Defendant that her personal data was contained on the subject laptop. She is a resident of the District of Columbia.

13. Plaintiff Marthine Bartee, is a District of Columbia employee, who has been notified by the Defendant that her personal data was contained on the subject laptop. She is a resident of the District of Columbia.

14. Plaintiff Don Pope, is a retired District of Columbia Police Officer, who has been notified by the Defendant that his personal data was contained on the subject laptop. He is a resident of the State of Maryland.

15. Plaintiff Tamonica Heard, is a District of Columbia employee, who has been notified by the Defendant that her personal data was contained on the subject laptop. She is a resident of the District of Columbia.

16. Defendant ING Life Insurance and Annuity Company ("ING") provides investment advice, administrative services and record keeping to the plaintiffs as a current participant or retiree in the District of Columbia 457 Deferred Compensation Plan. It is a Delaware Corporation, and does a considerable amount of business in the District of Columbia.

## IV. STATEMENT OF FACTS

17. As District of Columbia employees participating in its Employer's Deferred Compensation Plan, plaintiffs were required to provide ING with their private personal information including their social security numbers.

18. On or about June 19, 2006, ING publically announced through national media outlets

that the private information of 13,000 District of Columbia workers and retirees had been disclosed. The private personal information of these employees that was disclosed included names, dates of birth and Social Security numbers at a minimum.

19. ING reported that the disclosure was connected to an alleged burglary of the home of one of its employees/agents. Upon information and belief, on or about June 12, 2006, John Doe, a low-ranking data analyst and long time ING employee, had removed from ING's facility, D.C. government worker's files containing private personal information of over 13,000 persons comprised of District of Columbia workers and retirees, and had taken these files to his home. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disk were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of the filing of this Complaint. They are not believed to be encrypted or password protected and can be easily accessed and duplicated.

20. Upon information and belief, John Doe was able to easily access computer files containing private personal information of 13,000 District workers' and retirees, and copy the files from ING's system onto external disks and his personal computer. Upon further information and belief, John Doe had been removing the data from ING facility for a significant period of time in a practice expressly or implicitly ratified by the ING. John Doe's access to and duplication of this information was a disclosure in clear violation of the Plaintiffs' right to privacy and the result of ING's grossly negligent and/or willful and intentional failure to establish appropriate safeguards to ensure the security and confidentiality of District of Columbia employee records and to protect against any anticipated threats or hazards to the security and integrity of those records.

21. Upon information and belief, ING officials knew about the theft within hours of the

crime but did not inform the plaintiffs until seven (7) days later. Upon learning of the above-described disclosures, ING unreasonably delayed reporting the disclosures to the plaintiffs despite knowledge of the imminent and substantial risk of serious harm to the personal security of the affected employees.

22. ING knew or should have know that its computer security practices were wholly inadequate. Despite the fact that ING utilized no security devices on the laptop computer that it allowed John Doe to store Plaintiffs' personal data upon, and specific notice of the potential adverse effect of random and unauthorized disclosures of personal information, ING failed to establish appropriate safeguards to ensure the security and confidentiality of District of Columbia employees' and retirees' records and to protect against any anticipated threats or hazards to the security and integrity of those records.

23. The unauthorized and unconsented disclosure of an individual's name, address, date of birth and Social Security number creates a substantial risk of identity theft. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly.

24. Recent nationwide studies confirm that, on average, victims of identity theft spend hundreds of hours in personal time and hundred of dollars in personal funds to resolve their credit issues. See *www.idtheifcenter.org* and *www.fte.org.*

25. ING's unauthorized and unconsented disclosures of Plaintiffs' and Class Members' private personal information and the imminent and substantial risk of identify theft to which

Plaintiffs and Class Members have been exposed is the direct result of Defendant's failure to (1) establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of those records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected District of Columbia employees with prompt and accurate notice of the disclosures.

26. The Defendant's loss of Plaintiffs' and Class Members' private personal information is unprecedented in scope and raises concerns about the safety of many District of Columbia Police Offices and other District of Columbia employees. For example, the Plaintiffs' and Class Members' private personal information could be used to find out where police personnel live. As a direct and proximate result of Defendant's acts and omissions, Plaintiffs and Class Members have been exposed to a risk of substantial harm and inconvenience, and have incurred or will incur actual damages in purchasing comprehensive credit reports and/or monitoring of their identity and credit for the indefinite future.

## V. CLASS ALLEGATIONS

27. Plaintiffs maintain this action on behalf of themselves and all individuals whose private personal information, including Social Security numbers, were disclosed by Defendant in June 2006 as described above.

28. The members of the putative class are so numerous that joinder of individual claims is impracticable. Moreover, there are significant questions of fact and issues of law common to the members of the putative class. These issues include whether Defendant failed to establish appropriate administrative, technical and physical safeguards to ensure the security and

confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records, whether such failure was grossly negligent and/or willful and intentional, whether the putative class members were adversely affected, and whether they incurred actual damages as result.

29. Plaintiffs' claims are typical of the claims of the putative class. Plaintiffs and all members of the putative class have been adversely affected and damaged in that their private information has been compromised and stolen.

30. The proposed class representatives will fairly and adequately represent the putative class because they have the class members' interest in mind, their individual claims are co-extensive with and identical to those of the class, and because they are represented by qualified counsel experienced in litigation of this nature.

31. A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims since individual joiner of the claims of all members of the putative class is impracticable. Most members of the class are without the financial resources necessary to pursue this matter. Even if some members of the class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendant's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

32. The putative class may be certified pursuant to Rule 23(b)(1) of the Superior Court Rules

of Civil Procedure because inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct of Defendant to follow.

33. The putative class may be certified pursuant to Rule 23(b)(2) of the Superior Court Rules of Civil Procedure because Defendant has acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

34. The putative class may be certified pursuant to Rule 23(b)(3) of the Superior Court Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of actions described in the Complaint.

### VI. STATEMENT OF CLAIMS
### COUNT ONE

35. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 34 herein above.

36. The foregoing acts and omissions of the Defendant constitutes an authorized, nonconsensual, and inappropriate disclosure of Plaintiffs' Social Security numbers in violation of their clearly established right to privacy.

### COUNT TWO

37. Plaintiffs repeat and reaffirm the assertions of fact contained in paragraphs 1 through 36 herein above.

employees records and to protect against known and anticipated threats or hazards to the security and integrity of Plaintiffs' private personal records in violation of their clearly established right of privacy.

### COUNT THREE

39. Plaintiffs repeat and reaffirm the assertion of fact contained in paragraphs 1 through 38 herein above.

40. The foregoing acts and omissions of Defendant ING constitute gross negligence and such negligence was the proximate cause of Plaintiffs' private personal information being disclosed to unknown parties in the public arena.

### COUNT FOUR

41. Plaintiffs repeat and reaffirm the assertion of fact contained in paragraphs 1 through 40 herein above.

42. The foregoing acts and omissions of Defendant ING constitute negligence and such negligence was the proximate cause of Plaintiffs' private personal information being disclosed to unknown parties in the public arena.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand judgment against Defendant as follows:

a. For a declaration that Defendant's acts and omission constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of District of Columbia employees and retirees records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of Plaintiffs' clearly established right to privacy.

b. For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendant from continuing to operate without appropriate safeguards to ensure the security and privacy of District of Columbia employee records and to protect against anticipated threats or hazards to the security and integrity of these records, and an identity and/or credit monitoring program for the benefit of Plaintiffs and the proposed class under the Court's supervision to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information;

c. For an award of damages for Plaintiffs and each affected class member in an amount of no less than $10,000.00 as well as an identity and/or credit monitoring program for the benefit of Plaintiffs and the proposed class under the Court's supervision to safeguard against the serious harm attendant to the improper disclosure/theft of confidential information;

d. For an award of reasonable attorney fees and costs incurred by Plaintiffs and the members of the putative class in prosecuting this matter; and

e. For an award of such other relief in law and equity to which Plaintiffs and the members of the putative class may be entitled under the premises.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted,

[signature]

Gregory L. Lattimer [371926]
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Ted J. Williams [414758]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-8744

Counsel for the Plaintiffs and Class Members

-12-