**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| REGINA A. RANDOLPH, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Case No. 06-1228 (CKK) |
| ING LIFE INSURANCE AND ANNUITY COMPANY | ) ) ) ) | |
| Defendant. | ) ) ) ) ) | |

**JOINT RULE 16.3 STATEMENT**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), attorneys for the plaintiffs and attorneys for defendant ING Life Insurance & Annuity Company ("ILIAC") have conferred and hereby submit the following statement of all agreements reached and positions taken by the parties on matters about which there was disagreement:

- TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

ILIAC is filing a Motion to Dismiss on September 1, 2006. ILIAC believes that the motion should resolve this case. Plaintiffs disagree. However, the parties agree that discovery should await the Court's decision on the motion.

- TOPIC NO. 2: The date by which any other parties shall be joined or the pleadings amended and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties agree that no amendments or joinder of other parties is necessary pending the Court's decision on the Motion to Dismiss. If the Court resolves the motion in a

manner that allows the pleadings to be amended, the parties agree that such amendment should occur within 30 days from the date on which the Court decides defendant's Motion to Dismiss. The parties agree that, although there are not yet any factual or legal issues that can be agreed upon or narrowed, they will continue to discuss the possibility of stipulating to certain factual or legal issues as the case progresses.

- TOPIC NO. 3:  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties do not consent to the assignment of this case to a magistrate judge for all purposes, including trial.

- TOPIC NO. 4:  Whether there is a realistic possibility of settling the case.

ILIAC believes that plaintiffs' claims are without legal basis, and that even if the claims were valid, it already has provided the relief (in the form of credit monitoring and other measures) that plaintiffs reasonably could desire.  Plaintiffs believe that their claims are valid and that they are entitled to relief as set forth in their Complaint.   Accordingly, at this time there is not a realistic possibility of settling this case.

- TOPIC NO. 5:   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties agree that this case is not well suited for ADR at this time.  If the posture of the case changes, the parties agree that they will discuss ADR options with their clients and with each other at the appropriate time.

- TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.

ILIAC is filing its Motion to Dismiss on September 1, 2006. Under the Court's rules, plaintiffs' Opposition is due on September 12, and ILIAC's Reply is due on September 19. At this time, the parties have not requested or agreed to any deviation from that schedule. The Motion will be ripe for decision by this Court upon the filing of ILIAC's Reply, and the parties respectfully request that a decision be rendered as soon as possible after that date.

- TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties stipulate to dispense with Rule 26(a)(1) initial disclosures.

- TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all the discovery, including answers to interrogatories, document production, requests for admissions and depositions.

The parties agree that the scope and timing of discovery, if any, will depend upon this Court's decision on the Motion to Dismiss, and respectfully submit that if a discovery plan becomes necessary they should propose it at that time. In any event, the parties agree that a protective order would be appropriate if discovery were to occur.

- TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified and whether and when depositions of experts should occur.

The parties agree that the scope and timing of expert discovery, if any, will depend upon this Court's decision on the Motion to Dismiss, and respectfully submit that if an expert discovery plan becomes necessary they should propose it at that time.

- TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and proposed date for decision.

In light of the pending Motion to Dismiss, the parties agree that scheduling class certification proceedings would be premature at this time. However, if class certification proceedings are necessary, the parties agree that those proceedings (including class discovery) should proceed first.

- TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that phasing of discovery and/or trial depends upon this Court's decision on the Motion to Dismiss, and respectfully submit that if a plan for such matters becomes necessary they should submit it at that time.

- TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties agree that any pretrial conference should occur within sixty days of the close of any discovery period or the Court's ruling on summary judgment motions, if any.

- TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that the Court should not set a firm trial date at the first scheduling conference, but instead should provide that a trial date will be set at the pretrial conference.

- TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties have no other matter that they believe warrants inclusion in a scheduling order at this time.

Case 1:06-cv-01228-CKK    Document 9    Filed 08/31/2006    Page 5 of 5

Dated:  August 31, 2006                                    Respectfully submitted,

 /s/ Gregory L. Lattimer                                    /s/    Stephen M. Nickelsburg
Gregory L. Lattimer, D.C. Bar # 371926        Alan Charles Raul, D.C Bar # 362605
1100 H Street, N.W.                                          Juan P. Morillo, D.C. Bar # 257790
Suite 920                                                            Stephen M. Nickelsburg, D.C. Bar #475920
Washington, D.C. 20005                                    SIDLEY AUSTIN LLP
(202) 638-0095                                                   1501 K Street, NW
                                                                          Washington, DC 20005 (202) 736-8000

                                                                          Attorneys for Defendant
                                                                          ING Life Insurance & Annuity Company

Ted J. Williams, D.C. Bar # 414758
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-8744

Attorneys for Plaintiffs

5