IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA A. RANDOLPH, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ING LIFE INSURANCE AND ANNUITY COMPANY<br><br>Defendant. | Civil Case No. 06-1228 (CKK) |

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Defendant ING Life Insurance & Annuity Company ("ILIAC") respectfully submits this Response to Plaintiffs' Motion for Extension of Time to file an Opposition to ILIAC's Motion to Dismiss:

1. ILIAC electronically filed its Motion to Dismiss on September 1, 2006. Under this Court's procedures, a document is deemed served upon electronic filing. See Order of Aug. 1, 2006 ¶ 8. Accordingly, plaintiffs' Opposition to ILIAC's motion was due eleven days later, on September 12, 2006. See LCvR 7(b); Fed. R. Civ. P. 6(a). The parties expressly identified this due date in their Joint Rule 16 statement. See Jt. Rule 16 Stmt. 3.

2. Plaintiffs did not file their Opposition by September 12, 2006. Nor did counsel for plaintiffs contact counsel for ILIAC regarding an extension of time. Instead, on September 15, 2006, three days after the due date, plaintiffs simply filed their motion for extension of time. Plaintiffs' motion erroneously identified September 15 as the deadline for their Opposition. See Pls.' Mot. Extension ¶ 1.

3. In certifying compliance with his obligations under LCvR 7.1(m), counsel for plaintiffs stated that he conferred with counsel for ILIAC "prior to filing this motion." Id. at 2. In fact, in two conversations prior to filing ILIAC's Motion to Dismiss — one in July and one in August 2006 — counsel for ILIAC inquired whether plaintiffs intended to seek additional time. Counsel for ILIAC also indicated that ILIAC would agree to a reasonable request. However, counsel for plaintiffs never responded to ILIAC's inquiries, and thus never "discussed the anticipated motion [for extension] with opposing counsel," as the rule requires. LCvR 7.1(m).

4. Nonetheless, ILIAC does not oppose a reasonable request for extension of time and does not oppose plaintiffs' motion — which in essence asks the Court to excuse plaintiffs' default and grant an extension until September 25, 2006 to file an Opposition to ILIAC's Motion to Dismiss.

5. If the Court grants plaintiffs' motion, ILIAC respectfully requests a reasonable period of ten business days — until October 9, 2006 — to reply to plaintiffs' Opposition. The Motion to Dismiss would be fully briefed and ripe for consideration at that time.

Dated: September 18, 2006

Respectfully submitted,

_____/s/ Stephen M. Nickelsburg_____
Alan Charles Raul, D.C Bar # 362605
Juan P. Morillo, D.C. Bar # 257790
Stephen M. Nickelsburg, D.C. Bar #475920
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005 (202) 736-8000

Attorneys for Defendant
ING Life Insurance & Annuity Company