**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **REGINA A. RANDOLPH, et al.,** * | |
| * | |
| **Plaintiffs** * | |
| * | **Case No. 06-1228** |
| vs. * | |
| * | **(CKK)** |
| **ING LIFE INSURANCE AND** * | |
| **ANNUITY COMPANY** * | |
| * | |
| **Defendant.** * | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO THEIR
MOTION TO FOR EXTENSION OF TIME**

Come now the plaintiffs, by and through counsel and hereby submit their Reply to the defendant's Response to their Motion for Extension of Time. Normally, the undersigned would not deem a response necessary to a pleading of the type filed by the defendant. However, in a thinly disguised attempt to have the Court grant additional time to file a reply to plaintiffs' opposition to its motion to dismiss, the defendant has set forth some alleged points and/or positions that must be addressed.

Contrary to the position of the defendant, under the Local Rules of this Court (LcvR 5.4 (c)(d)) and the Federal Rules of Civil Procedure (5(b)(2)(D) & 6(e)), when any document is served by electronic means, three(3) days are added to the prescribed period. The Court's Order of August 1, 2006, did not modify the applicable Rules, it simply reiterated what is contained in LcvR 5.4. The defendant filed its motion to dismiss on September 1, 2006. Plaintiffs had eleven (11) days plus an additional three (3) days to respond. That is a total of fourteen (14) days. Fourteen (14) days from September 1, 2006 is September 15, 2006. Therefore, plaintiffs' motion for extension of time was filed on the date their opposition was due, and was not a request for "the

Court to excuse plaintiffs' default" as asserted by the defendant.

More troubling, however, than the defendant's faulty math and misreading of the Rules is the suggestion that the undersigned misrepresented a fact to the Court. This is particularly so given that defendant's counsel states on the one hand, "counsel for ILIAC inquired whether plaintiffs intended to seek additional time. Counsel for ILIAC also indicated that ILIAC would agree to a reasonable request." Response at 2. And on the other hand states "However, counsel for plaintiffs never responded to ILIAC'S inquiries, and thus never 'discussed the anticipated motion [for extension] with opposing counsel,' as the rule requires." *Id*.

In contrast to the representations of defendant's counsel, the undersigned counts a discussion about possibly needing more time to respond to a motion, depending upon how substantive it is, and a response by opposing counsel that the defendant would have no objection to an extension given the fact that plaintiffs' counsel had been gracious regarding their extension request, to constitute a discussion of the motion. Again, it is submitted that defendant's counsel has misread LcvR 7(m) to the extent that it is contended that more is necessary.

Turning now to what is clearly the real issue here, the defendant posits "If the Court grants plaintiffs' motion, ILIAC respectfully requests a reasonable period of ten business days until October 9, 2006, to reply to plaintiffs' Opposition." Response at 2. LcvR 7(d) provides that a reply may be filed within five(5) days. The defendant is seeking an enlargement of double that time without filing a motion and without conferring with opposing counsel. Yet, this defendant irreconcilably seeks to wrongly take the undersigned to task for exactly what its counsel is attempting to actually do in a roundabout way, to put it mildly.

The defendant's Response and this Reply were both unnecessary pleadings particularly

since the complaint in this matter was filed on June 27, 2006 and the defendant did not file a responsive pleading until September 1, 2006.

Wherefore for the reasons stated herein and in the record of this proceeding, it is respectfully requested that the plaintiffs timely filed motion for extension of time be granted.

Respectfully submitted,

Gregory L. Lattimer[371926]
1100 H Street, N.W.
Suite 920
Washington, DC 20005
(202) 638-0095