IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| REGINA A. RANDOLPH, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 06-1228 (CKK) |
| ING LIFE INSURANCE AND ANNUITY COMPANY | ) ) ) ) | |
| Defendant. | ) ) ) | |

## SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant ING Life Insurance and Annuity Company ("ILIAC") respectfully submits this Second Notice of Supplemental Authority in support of its Motion to Dismiss.

In an Order entered on September 27, 2006, and reported in the press on October 17, 2006 (after the briefing for ILIAC's Motion to Dismiss and after ILIAC filed its first Notice of Supplemental Authority on October 13, 2006),[1] the U.S. District Court for the Southern District of Ohio dismissed a "lost data" class action complaint for lack of standing and failure to state a claim. *Key v. DSW, Inc.*, No. 2:06-cv-459 (S.D. Ohio Sept. 27, 2006). The plaintiff in *Key* alleged DSW, Inc. did not secure her personal financial information (which was deliberately accessed by hackers, unlike the random theft in this case), and that as a result she suffered "a substantial increase in her risk of identity theft and other related financial crimes." *Id.*, slip op. at 2, 6. The plaintiff brought a claim for negligence. *See id*. at 2-3. She also brought claims for breach of contract, breach of fiduciary duty, and conversion. *See id*. DSW removed the case from state to federal court pursuant to the Class Action Fairness Act. *See id.* at 2-3, 12.

---

[1] *See DSW Breach Class Claim Dismissed; No Legal Standing in ID Theft Risk Alone*, Privacy L. Watch (BNA) (Oct. 17, 2006).

The *Key* court dismissed the complaint for lack of standing, holding that plaintiff's alleged risk of future harm was "nothing more than a speculation that she will be a victim of wrongdoing at some unidentified point in the indefinite future," and thus did not constitute the necessary "injury-in-fact." *Id.* at 10. Noting the uniform rulings in the lost-data cases (which are cited in ILIAC's papers), the court stated that "[i]n the identity theft context, courts have embraced the general rule that an alleged increase in risk of future injury is not an 'actual or imminent' injury" for standing purposes. *Id.* at 8-10. For the same reason, the court held that the plaintiff did not state a claim upon which relief could be granted, as she had "not alleged cognizable damages sufficient to state a contract, negligence, conversion, or fiduciary duty claim." *Id.* at 12; *see also id*. at 2. Accordingly, the *Key* court dismissed the case — it did not remand to state court. *Id.* at 13.

In short, the decision in *Key* further adds to the authority holding that the increased risk of identity theft is not actionable injury for standing purposes or to state a claim upon which relief can be granted. *See* Mem. Supp. Def.'s Mot. Dismiss at 6-11; Reply Supp. Def.'s Mot. Dismiss at 3-8. A copy of the Order is attached as Exhibit A to this Notice.

Dated: October 18 2006                    Respectfully submitted,

  /s/ Stephen M. Nickelsburg
Alan Charles Raul, D.C Bar # 362605
Juan P. Morillo, D.C. Bar # 257790
Stephen M. Nickelsburg, D.C. Bar #475920
Peter C. Pfaffenroth, D.C. Bar #496637
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

Attorneys for Defendant
ING Life Insurance & Annuity Company