IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REGINA RANDOLPH, et al.,** | * | |
| **Plaintiffs,** | * | |
| | | Civil Action No. 06-01228 |
| vs. | * | |
| | | (CKK) |
| | * | |
| **ING LIFE INSURANCE AND ANNUITY COMPANY** | * | |
| | * | |
| **Defendant.** | | |
| | * | |

PLAINTIFFS' RESPONSE TO THE NOTICE OF
SUPPLEMENTAL AUTHORITY AND THE SECOND NOTICE
OF SUPPLEMENTAL  AUTHORITY FILED BY DEFENDANT

Comes now, the plaintiffs, by and through counsel, and hereby submit their response to the Notice of Supplemental Authority and the Second Supplemental Authority filed by the defendant in this matter on October 13, 2006 and October 18, 2006, respectively.

The defendant has submitted a case from the Eastern District of Arkansas, *Bell v. Acxiom*, in which the plaintiff "does not know whether her name and information were contained within the database stolen by Levine." *Id.* at 6, in its Notice of Supplemental Authority, and a case from the Southern District of Ohio, *Key v. DSW, Inc.*, in which the Ohio Court found that the plaintiff only alleged that she was subject to a "substantial increased risk of identity or other related financial crimes. *Id.* at 7.

The problem with the alleged supplemental authorities is twofold.  First, the case at bar does not simply allege  "an increased risk of identity theft," the plaintiffs here have also alleged invasion of privacy in the form of a breach of fiduciary duty and secondly, the lawsuit here is authorized by statute.

Significantly, the defendant claims that plaintiffs' explanation of her claims in their opposition to the Motion to Dismiss constitutes "new theories nowhere suggested in the Complaint." Reply at 2. This simply is not true. Plaintiffs' complaint alleges a fiduciary relationship, a breach of the duty owed by a fiduciary (the disclosure of personal information learned in the course of that relationship), and damages resulting therefrom. (Pursuant to D.C. Standard Jury Instructions, a plaintiff may recover damages, for among other things, any inconvenience that he/she may suffer, past, present and future §13.01). And because it is axiomatic that

> A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

*Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984), it was necessary for the plaintiffs to fully explain their theories more fully so that the Court is fully apprised of the fact that there are avenues of relief available to the plaintiffs under District of Columbia law.

Not surprisingly, the defendant takes issue with that position and maintains that *Vassiliades v. Garfinckel's*, 492 A.2d 580 (D.C. 1985), should only be read to apply to an action alleging a breach of the physician patient confidential relationship.

Of significance, however, is the fact that the D.C. Court of Appeals never limited its holding, "This tort consists of unconsented, unprivileged disclosure to a third party of nonpublic information that has been learned within a confidential relationship." *Id.* at 591. Indeed, Judge Gasch of this Court noted that

> a law review note heavily relied upon by the Vassiliades Court see 492 A.2d at 591, found that the tort of breach of physician-patient confidential relationship is rooted in case law concerning bank-customer relationship.

*Doe v. DiGenova*, 642 F.Supp. 624, 632 n.7 (D.D.C 1986). Thus, it is clear that the tort of breach

of confidential relationship is fully applicable to this case.

Moreover, the defendant seems to ignore or more precisely, seems to make an attempt to convince the Court that the relevant statutes here, which unequivocally provide a basis for participants in a retirement program, such as the plaintiffs, to bring a lawsuit to enforce his/her rights under the retirement program, is not applicable to the plaintiffs' situation.

Specifically, the defendant alleges that

> The civil enforcement provisions of D.C. Code § 1-747 do not apply to the D.C. 457 Plan; they apply to the mandatory pension funds established pursuant to D.C. Code §§ 1-701 through 1-753. Nor does D.C. Code § 1-626.14 apply to the D.C.-457 plan; it applies only to beneficiaries of a separate plan, the "Section 401(a) Trust."

Reply at 7-8. Had the defendant understood that the statutes referenced by the plaintiffs, D.C. Code § 1-747 and D.C. Code § 1-626.14, completely confer standing upon the plaintiffs to bring the instant lawsuit, it surely would not have filed the two Notices of Supplemental Authority and instead would have conceded that standing is not really an issue in this proceeding.

Importantly, there is no language of any kind in D.C. Code §§ 1-701 through 1-753 *et seq*., that in any way suggests that the civil enforcement provisions of D.C. Code § 1-747 are limited to mandatory pension funds established pursuant to D.C. Code §§ 1-701 through 1-753.

D.C. Code § 1-747 is simply drafted and says

(a) A civil action may be brought:

    (1) By a participant or beneficiary:

      (A) For the relief provided for in subsection (b) of this section; or

      (B) To recover benefits due to him under the **terms of his retirement program** to enforce his eights under the **terms of the retirement program** or to clarify his rights to future benefits under the **terms of the  retirement program**.

                    \* \* \* \* \*

> (3) By a participant or beneficiary, the District of Columbia, and the Board:
>
> (A) To enjoin any act or practice which violates any provision of this chapter or the **terms of a retirement program**; or
>
> (B) To obtain other appropriate equitable relief:
>
> (I) To redress any such violation; or
>
> (ii) To enforce any provision of this chapter or the **terms of a retirement program**.

Pursuant to D.C. Code § 1-702(7), the term **"retirement program"** means:

> (A) The program of annuities and other retirement and disability benefits for members and officers of the Metropolitan Police force and the Fire Department of the District of Columbia, but does not include the program of annuities and other retirement and disability benefits for members and officers of the United States Park Police force, the Untied Stated Secret Service Uniformed Division, or the United States Secret Service Division under the Policemen and Firemen's Retirement and Disability Act (§ 5-701 *et seq.*);
>
> (B) The program of annuities and other retirement and disability benefits for judges of the courts of the District of Columbia under subchapter III of Chapter 15 of Title 11 of the District of Columbia Code; or
>
> ( c) The program of annuities and other retirement and disability benefits for teachers in the public day schools of the District of Columbia. [Emphasis added.]

Clearly, the defendant has misread the applicable statute, D.C. Code §1-747, to say something that it plainly does not say.

In even more glaring fashion, the defendant totally misreads and misconstrues D.C. Code § 1-626.14. Initially, it is noted that D.C. Code §626.04(7) has no applicability to D.C. Code § 1-

626.14. (For the purpose of §§ 1-626.05 through 1-626.12, the tems:). Next, it is noted that D.C. Code § 1-626.14 speaks of a "participant" **or** "a beneficiary of the Trust." Next, D.C. Code § 1-626.07 provides:

> (a) An employee is eligible to participate in the deferred compensation plan under § 1-626.05(2) upon commencement of employment with the District.
>
> (B) An employee is eligible to participate in the deferred contribution plan under § 1-626.05(3) upon the completion of 1 year of employment with the District.

And finally, D.C. Code § 1-626.05, completely refutes everything that the defendant has represented regarding the applicability of D.C. Code § 1-626.14 to the plaintiffs:

> The retirement benefits program of the District shall consist of:
>
> (1) A defined benefit plan, as provided in 42 U.S.C.§ 301 *et seq.* ("Social Security Act");
>
> (2) An employee deferred compensation plan pursuant to § 457 of the Internal Revenue Code [26 U.S.C.S. § 401] governed by Chapter 36 of Title 47; and
>
> (3) A defined contribution plan pursuant to § 401(a) of the Internal Revenue Code [26 U.S.C.S. § 401].

It goes without saying that had the defendant properly and accurately read the statutory provisions relied upon by the plaintiffs, they most certainly would not have advanced their previous position nor erroneously relied upon so-called supplemental authorities that are entirely distinguishable on this basis alone.

Wherefore for the reasons set forth herein, and in plaintiffs' opposition to the motion to dismiss and in the record of this proceeding and because the alleged supplemental authorities submitted by the defendant are of no relevance to this litigation, and because there is no legitimate question that a statutory basis exists for this lawsuit in addition to a basis under a theory of breach

of confidential relationship that is actionable and which provides a basis for the recovery of damages as a result of the breach in and of itself, it is respectfully urged once more that defendant's motion be summarily denied.

        Respectfully submitted,

        Gregory L. Lattimer, [371926]
        Law Offices of Gregory L. Lattimer, PLLC
        1100 H Street, N.W.
        Suite 920
        Washington, D.C. 20005
        (202) 638-0095

        Ted J. Williams
        800 G Street, N.W.
        Suite 800
        Washington, D.C. 20005
        (202) 434-8744

        Counsel for Plaintiffs