IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA A. RANDOLPH, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ING LIFE INSURANCE AND ) <br> ANNUITY COMPANY ) <br> ) <br> Defendant. ) <br> ) | Case No. 06-1228 (CKK) |

## MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICES OF SUPPLEMENTAL AUTHORITY

Defendant ING Life Insurance and Annuity Company ("ILIAC") respectfully moves to strike Plaintiffs' Response to ILIAC's Notices of Supplemental Authority (Docket No. 18, filed Oct. 24, 2006) ("Response"), as an improper surreply.[1]

On October 13 and 18, 2006, ILIAC filed Notices of Supplemental Authority bringing to the Court's attention two new district court decisions holding that the mere risk of harm due to lost or stolen personal data is not an "injury" that provides standing or enables plaintiffs to state a claim.[2] Although styled as a "Response" to these Notices, plaintiffs' six-page filing addresses the new decisions only on Page One. The bulk of plaintiffs' Response is merely an additional, and unauthorized, round of argument. *See* Response at 2 (addressing argument in ILIAC's Reply that plaintiffs raise "new theories" in their Opposition to the Motion to Dismiss);

---

[1] Pursuant to LCvR 7(m), counsel for ILIAC discussed this Motion with counsel for plaintiffs. Plaintiffs will oppose this Motion.

[2] *Key v. DSW, Inc.*, No. 2:06-CV-459 (S.D. Ohio Sept. 27, 2006); *Bell v. Acxiom Corp.*, No. 4:06-CV-485 (E.D. Ark. Oct. 3, 2006). These decisions are directly relevant to the arguments advanced in ILIAC's Motion to Dismiss. *See* Mem. Supp. Mot. Dismiss at 6-12.

*id.* at 2-3 (addressing ILIAC's arguments regarding plaintiffs' newly-cited tort of "breach of physician-patient confidential relationship"); *id.* at 3-6 (addressing ILIAC's arguments regarding plaintiffs' newly-cited provisions of the D.C. Code).

ILIAC would have no objection if plaintiffs submitted only Page One of the Response. However, the Response as filed is an improper surreply that was submitted for the purpose of expanding on prior arguments. As such, the Response violates the well-established rules for motions — which provide that briefing concludes with the moving party's reply. *See* LCvR 7(d). "A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002); *see also Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001). "The matter must be truly new." *Pogue*, 238 F. Supp. 2d at 277; *see also Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002).

The Court should strike the Response because Plaintiffs did not seek leave of court to file a surreply. *See Robinson*, 211 F. Supp. 2d at 113; *Longwood Vill. Rest., Ltd*, 157 F. Supp. 2d at 68 n.3. If they had, leave to file the surreply should have been denied, because ILIAC's Reply did not raise any "new matters" to which a surreply would be appropriate. *See Robinson*, 211 F. Supp. 2d at 113 (striking surreply that reiterated arguments from an opposition to a motion).

Finally, plaintiffs' arguments are without merit and should be summarily disregarded.[3] If, however, the Court wishes to consider plaintiffs' additional briefing in detail, ILIAC requests an opportunity to respond.

For the foregoing reasons, ILIAC respectfully requests that the Court enter an order striking plaintiffs' Response as an improper surreply.

Dated: October 27, 2006

Respectfully submitted,

/s/ Stephen M. Nickelsburg
Alan Charles Raul, D.C Bar # 362605
Juan P. Morillo, D.C. Bar # 257790
Stephen M. Nickelsburg, D.C. Bar #475920
Peter C. Pfaffenroth, D.C. Bar #496637
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

Attorneys for Defendant
ING Life Insurance & Annuity Company

---

[3] As stated in ILIAC's Reply, plaintiffs' "breach of confidentiality" arguments should be rejected because they pled no such claim, because they lack a recognized injury (resulting in lack of standing and failure to state a claim) and because D.C. courts have recognized the tort only in the physician-patient context (and, even then, only to compensate for actual injury). *Compare* Response at 2 *with* Reply at 2, 5-7, 10-12. (Plaintiffs quote dicta in *Doe v. DiGenova*, 642 F. Supp. 624, 632 n.7 (D.D.C. 1986) — which is a physician-patient case — without noting that the portion of that decision regarding tort claims was reversed on immunity grounds in *Doe v. Stephens*, 851 F.2d 1457, 1463 (D.C. Cir. 1988).) Plaintiffs' statutory arguments also should be rejected because D.C. Code §§ 1-626.14 and 1-747 cannot and do not give standing to plaintiffs who lack "injury-in-fact." *Compare* Response at 3-6 *with* Reply at 7-8. Further, plaintiffs can plead no cause of action under those irrelevant provisions, and did not cite them in their Complaint. *See* Reply at 7-8, 12-13.