IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REGINA RANDOLPH, et al.,** | \* | |
| **Plaintiffs,** | \* | |
| | | Civil Action No. 06-01228 |
| vs. | \* | |
| | | (CKK) |
| | \* | |
| **ING LIFE INSURANCE AND ANNUITY COMPANY** | \* | |
| | \* | |
| **Defendant.** | | |
| | \* | |

**PLAINTIFFS' RESPONSE TO THE DEFENDANT'S
MOTION TO STRIKE PLAINTIFFS' RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Comes now, the plaintiffs, by and through counsel, and hereby submit their response to the defendant's Motion to Strike Plaintiffs' Response to Defendant's Notice of Supplemental Authority. The defendant contends that the plaintiffs' response to their two (2) Notices of Supplemental Authority, filed five (5) days apart, should be stricken from the record "as an improper surreply." Conspicuously, the plaintiffs did not file any pleading following defendant's reply on October 9, 2006; the plaintiffs did not file any pleading following defendant's first Notice of Supplemental Authority; and it was only after the defendant filed a second Notice of Supplemental Authority did the plaintiffs respond. And even then, the plaintiffs' response was directed to the alleged supplemental authorities.

> The problem with the alleged supplemental authorities is twofold. First, the case at bar does not simply allege "an increased risk of identity theft." the plaintiffs here have also alleged invasion of priacy in the form of a breach of fiduciary duty and secondly, the lawsuit here is authorized by statute.

Response to Notice of Supp. Authority at 1.

By definition, plaintiffs' submission was not a surreply. Plaintiffs' submission was a properly submitted response to two (2) pleadings filed by the defendant. Significantly, the defendant did not simply identify a supplemental authority for the Court's consideration, without comment or argument:

> This decision provides further support for ILIAC's argument that plaintiffs' allegations that they have suffered an increased risk of identity theft are insufficient to establish standing. Supp. No. 1 at 2.
>
> *         *         *         *         *
>
> In short, the decision in Key further adds to the authority holding that the increased risk of identity theft is not actionable injury for standing purposes or to state a claim upon which relief can be granted. Supp. No. 2 at 2.

The plaintiffs have every right to respond to a pleading filed by the defendant in alleged further support for their motion. There is no authority anywhere which suggests otherwise. The fact that the defendant does not believe that plaintiffs' submission should have incorporated representations made in their reply, in responding to their supplemental submission, does not transform that response into a surreply. If the defendant would have preferred that plaintiffs have nothing further to say outside of oral argument, then the defendant should not have filed two (2) supplemental pleadings wherein they infer that the only issue here is the risk of identity theft and standing based on that theory alone, all the while knowing that plaintiffs' position is in fact very different.

Wherefore for the reasons stated herein and in the record of this proceeding and because the plaintiffs' response to supplemental authorities filed by the defendant is not by definition a surreply, it is respectfully requested that the defendant's motion to strike be summarily denied.

Respectfully submitted,

Gregory L. Lattimer [371926]
Law Offices of Gregory L. Lattimer, PLLC
1100 H Street, N.W.
Suite 920
Washington, D.C. 20005
(202) 638-0095

Ted J. Williams
800 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-8744

Counsel for Plaintiffs